IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GUICE, et al., | No. C-09-1464 MMC |
| Plaintiffs, | **ORDER AFFORDING PLAINTIFFS OPPORTUNITY TO SUPPLEMENT MOTIONS FOR DEFAULT JUDGMENT; CONTINUING HEARING TO DECEMBER 11, 2009** |
| v. | |
| D&R CONSTRUCTION, et al., | |
| Defendants / | |

Before the Court are two motions: (1) "Request for Entry of Default by Kenneth Guice Against Damian Neveaux and D & R Construction, Inc."; and (2) "Request for Entry of Default by Patricia Rose Against Damian Neveaux and D & R Construction, Inc." No opposition has been filed.

Each of the above-described filings, although captioned as a request for entry of default, in fact seeks an order granting the moving party default judgment. Accordingly, the Court construes each filing as a motion for default judgment, and, having read and considered said motions, rules as follows.

Upon entry of default,[1] "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." See Televideo Systems, Inc. v. Heidenthal, 826 F.2d 916, 917-18 (9th Cir. 1987). Here, each plaintiff has submitted a

---

[1] The Clerk has entered the default of each defendant.

1  declaration setting forth various facts with respect to defendants' alleged failure to comply
2  with contractual duties and defendants' concealment of facts.  Neither declaration,
3  however, includes any facts regarding the amount of damages to which the moving plaintiff
4  is entitled as a result of the alleged wrongful conduct.  Consequently, plaintiffs' request that
5  Kenneth Guice ("Guice") be awarded the sum of $235,000 and that plaintiff Patricia Rose
6  ("Rose") be awarded the sum of $240,000 cannot, on the record presently before the Court,
7  be granted.

8  The Court will, however, afford plaintiffs leave to supplement the instant motions.
9  Specifically, plaintiffs are hereby afforded leave to file, no later than November 20, 2009,
10 declarations containing admissible statements of fact,[2] as well as any supporting exhibits,
11 to prove the amount of damages to which each plaintiff is entitled.  See id.

12 The hearing on plaintiffs' motions is hereby CONTINUED from November 6, 2009 to
13 December 11, 2009.

14 **IT IS SO ORDERED.**

16 Dated:  October 23, 2009

MAXINE M. CHESNEY
United States District Judge

---

[2] The Court notes that each declaration submitted with the moving papers includes factual assertions for which the declarant would not appear to have personal knowledge. For example, Guice purports to describe communications between Rose and defendants, but fails to state how he has knowledge thereof.

2