United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH GUICE, et al.,

    Plaintiffs,

  v.

D&R CONSTRUCTION, et al.,

    Defendants
                                     /

No. C-09-1464 MMC

**ORDER AFFORDING PLAINTIFFS SECOND OPPORTUNITY TO SUPPLEMENT MOTIONS FOR DEFAULT JUDGMENT; CONTINUING HEARING TO JANUARY 22, 2010**

      Before the Court are two motions: (1) "Request for Entry of Default by Kenneth Guice Against Damian Neveaux and D & R Construction, Inc."; and (2) "Request for Entry of Default by Patricia Rose Against Damian Neveaux and D & R Construction, Inc." By order filed October 23, 2009, the Court construed each of the above-described filings as a motion for default judgment and, because plaintiffs had failed to offer any evidence to establish the amount of damages incurred, afforded plaintiffs the opportunity to file supplemental declarations, which plaintiffs subsequently submitted. Having read and considered the papers filed in support of the instant motions, including the supplemental declarations filed on behalf of each plaintiff, the Court rules as follows.

      Plaintiffs seek an award of compensatory damages, prejudgment interest, attorney's fees and costs. The evidence before the Court is sufficient to establish plaintiff Kenneth Guice's entitlement to an award of compensatory damages in the amount of $126,380.59,

to establish plaintiff Patricia Rose's entitlement to an award of compensatory damages in the amount of $173,378.90, and to establish plaintiffs' entitlement to costs in the amount of $530. With respect to plaintiffs' alleged entitlement to prejudgment interest and to attorneys' fees, however, plaintiffs' showing is deficient.

First, although plaintiffs seek prejudgment interest at the rate of 11.5%, under the theory that plaintiffs' respective contracts with defendants provide for such prejudgment interest, plaintiffs have failed to identify any such provision. To the extent plaintiffs are relying on the provision that defendants are entitled to "charge interest of 11.5% per month" in the event plaintiffs fail to pay defendants for services rendered (see Rose Decl. in Support of Attorney's Fees Ex. B Art. X; Guice Decl. in Support of Attorney's Fees Ex. B Art. X), plaintiffs have failed to explain why such provision can be interpreted as an agreement that defendants would pay plaintiffs prejudgment interest at a rate of 11.5% in the event plaintiffs incur damages as a result of a breach of contract by defendants. Moreover, even assuming the contract provides for an award of prejudgment interest to plaintiffs, plaintiffs have failed to specify the amount of prejudgment interest to which they would be entitled, let alone to offer a declaration setting forth how the amount requested was calculated.

Second, under Texas law,[1] although plaintiffs correctly observe that a party who prevails on a claim for breach of contract is entitled to recover his or her reasonable attorney's fees, see Tex. Civ. Prac. & Rem. Code Ann. § 38.001, the prevailing party is not entitled to such fees unless he has complied with Texas's "presentation" requirement, see Tex. Civ. Prac. & Rem. Code Ann. § 38.002. Specifically, under Texas law, "[a] necessary requisite for the recovery of attorney's fees is the presentation of the contract claim to the opposing party and the failure of that party to tender performance" within thirty days of the presentation. See Jones v. Kelley, 614 S.W. 2d 95, 100 (Tex. 1981) (noting purpose of presentation requirement is to "allow the person against whom [claim] is asserted an

---

[1] Each plaintiff's contract with defendants contains a choice-of-law provision selecting Texas law.

2

opportunity to pay a claim within 30 days after they have notice of the claim without incurring an obligation for attorney's fees"). "The burden is on the claimant to plead and prove presentment and failure to tender performance." Harrison v. Gemdrill Int'l, Inc., 981 S.W. 2d 714, 719 (Tex. App. 1998). "The act of filing suit is not by itself a demand within the terms of the statute," id., nor is a "demand in the pleadings" for an award of attorney's fees, see Shearer v. Allied Live Oak Bank, 758 S.W. 2d 940, 946 (Tex. App. 1988). Here, plaintiffs do not plead in their complaint their compliance with the presentation requirement, and, consequently, do not appear to be entitled to an award of attorney's fees under the Texas statute. See, e.g., Nettles v. Del Lingco, 638 S.W. 2d 633, 635-36 (Tex. App. 1982) (reversing award of attorney's fees granted under predecessor of § 38.001, where "the pleadings fail[ed] to allege that [the plaintiff] presented the claim to [the defendant], who in turn failed to tender the amount owing on the claim within thirty days of presentation"); cf. Jones, 614 S.W. 2d at 100 (holding, where plaintiff filed suit to seek specific performance under contract, plaintiffs sufficiently pleaded presentment by alleging they had "made demand on defendants to convey the property made the subject of the lawsuit more than 30 days preceding the filing of the action, but said land was not conveyed").

Consequently, plaintiffs have failed to show they are entitled to an award of prejudgment interest or an award of attorney's fees. The Court will afford plaintiffs, however, a second opportunity to supplement their respective motions.

Specifically, plaintiffs are hereby afforded leave to file, no later than January 8, 2010, a supplemental memorandum and any supplemental declarations (1) to establish their entitlement to prejudgment interest, and, if so, to identify the specific amount to which they are entitled and to offer a declaration indicating how such specific amount was calculated, and (2) to cite any authority to support plaintiff's implicit argument that, despite their failure to plead presentation, they are entitled to an award of attorney's fees under § 38.001. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (holding "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support [a default] judgment"). If, as of January

8, 2010, plaintiffs have not supplemented their motions, the Court will grant the motions to the extent plaintiffs seek an award of compensatory damages and costs, and will enter judgment thereon.

In light of the above, the hearing on plaintiffs' motions is hereby CONTINUED from December 11, 2009 to January 22, 2010, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated:  December 7, 2009

_____
MAXINE M. CHESNEY
United States District Judge